UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERMAN JAY ROCKOW,<br><br>Defendant. | Case No. 2:12-cr-00013-MMD-CWH<br><br>ORDER |

Before the Court is Defendant Sherman Jay Rockow's Motion to Dismiss Case Number 2:12-cr-00013-MMD-RJJ Pursuant to Federal Rules of Civil Procedure 1(b)(1) and 12(h)(3) for Lack of Subject Matter Jurisdiction by this Court (dkt. no. 73). Defendant argues that the Court lacks subject matter jurisdiction to preside over this case and seeks dismissal under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. The procedural rules that Defendant relies upon apply to civil cases; they have no application in this criminal matter. To the extent Defendant claims that the Court was without jurisdiction to impose sentence upon him, Defendant's recourse is to file a motion to vacate under 28 U.S.C. § 2255. Defendant should be aware that the period for filing such a motion is one (1) year from the date on which the judgment of conviction becomes final or the later date of other events that probably do not apply to Defendant's situation.[1] See 28 U.S.C. § 2255(f). If Defendant wishes to challenge the

---

[1] The Judgment of Criminal Conviction was entered on June 4, 2013. (Dkt. no. 71.) The Court does not in any way suggest that a motion to vacate under 22 U.S.C. § 2255 would have any merits.

fact of his confinement, Defendant's recourse is to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where Defendant is serving his sentence. Defendant's Motion to Dismiss is therefore denied.

DATED THIS 28th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE